**Opinion filed October 9, 2008**



In The

# Eleventh Court of Appeals

_____

### No. 11-07-00148-CV

_____

### DENNIS VERNER, Appellant

### V.

### PURE RESOURCES, INC., D/B/A TEXAS PURE RESOURCES, INC., AND PURE RESOURCES I, INC., Appellees

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV45953**

### M E M O R A N D U M   O P I N I O N

This case arises from an on-the-job injury. Dennis Verner appeals from the trial court's take-nothing summary judgment in favor of Pure Resources, Inc., d/b/a Texas Pure Resources, Inc., and Pure Resources I, Inc. on his claims. We affirm.

*Background Facts*

On June 4, 2003, Verner was injured in an oilfield accident. He alleged that his injury resulted from the improper operation of a defective top drive unit. A daywork drilling contract covered the operations on the subject rig at the time of the accident. In the contract, Pure

Resources, LP, was identified as the operator, and Pure Resources I, Inc. was identified as the general partner of Pure Resources, LP.

Following the accident, Verner brought a negligence suit against the following defendants: (1) National Oilwell, Inc.; (2) Pure Resources, Inc. d/b/a Texas Pure Resources, Inc.; (3) Pure Resources I, Inc.; (4) Patterson-UTI Energy, Inc.; (5) Patterson-UTI Drilling Company; and (6) Patterson-UTI Drilling Company West LP, LLLP. He alleged that, at the time of the accident, he was working for Patterson-UTI Drilling Company West LP, LLLP, and that Patterson West was conducting drilling operations at Rig No. 488. He also alleged that the defendants committed negligence in connection with the operation of the top drive unit.

The Pure Resources defendants filed traditional and no-evidence motions for summary judgment. They moved for summary judgment on multiple grounds, including the ground that there was no evidence that they breached a legal duty to Verner. Verner filed a response to the motions for summary judgment. Following a hearing, the trial court entered an order granting summary judgment to the Pure Resources defendants. The trial court's order did not specify the ground or grounds relied on for its ruling. The trial court severed Verner's claims against the Pure Resources defendants from the remainder of the suit, and the summary judgment in favor of the Pure Resources defendants became final and appealable.

*Issues on Appeal*

Verner presents three issues for review. He contends that the trial court erred in granting summary judgment to the Pure Resources defendants because (1) the trial court improperly shifted the burden of proof to him to disprove the Pure Resources defendants' affirmative defense that they were not proper parties; (2) a fact issue existed as to which Pure Resources entity was the proper party under the subject drilling contract; and (3) more than a scintilla of evidence existed that the Pure Resources defendants retained control over the premises and operations under the drilling contract and that, therefore, a fact question existed on the control issue.

*Standard of Review*

Where, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chem. Co. v. Francis*,

2

46 S.W.3d 237, 242 (Tex. 2001). We will begin our analysis by reviewing the trial court's summary judgment under the standard of review for no-evidence summary judgments. *See* TEX. R. CIV. P. 166a(i). When a no-evidence motion for summary judgment is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements of the claim. Rule 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). We review a no-evidence summary judgment under the same standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002). We may not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

### Breach-of-Duty Issue

The Pure Resources defendants moved for summary judgment on the ground that there was no evidence they breached a duty to Verner. To establish negligence, the plaintiff must produce evidence of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).

For the purposes of our analysis, we assume, without deciding, that the Pure Resources defendants owed a duty to Verner. To establish a breach of duty, the plaintiff must show either that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under those circumstances or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care. *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied); *Lincoln Prop. Co. v. DeShazo*, 4 S.W.3d 55, 61 (Tex. App.—Fort Worth 1999, pet. denied). To defeat a no-evidence motion for summary judgment, Verner was

required to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the breach-of-duty issue. *Rivera v. South Green Ltd. P'ship*, 208 S.W.3d 12, 21 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

In response to the motions for summary judgment, Verner presented a one-page excerpt from his deposition that related to the condition of the top drive unit. He also presented excerpts from Flint Stults's deposition testimony. Verner stated in his response to the motions for summary judgment that he also was relying on the exhibits that were attached to the Pure Resources defendants' motions for summary judgment. The Pure Resources defendants attached the following exhibits, among others, to their motions for summary judgment: (1) the subject daywork drilling contract, (2) excerpts from Verner's deposition testimony, and (3) excerpts from Stults's deposition testimony.

In Verner's response to the motions for summary judgment, he stated that the Pure Resources defendants breached their duty "in failing to rectify the mechanical problems with the top-drive." The following exchange took place during Verner's deposition:

> Q. [PURE RESOURCES' COUNSEL] I'm trying to understand. What was wrong with it? I understand you're telling me there was something wrong with it.
>
> A. [VERNER] Well, that's what we was trying to understand at the time, what was wrong with it.
>
> Q. And you still to this day have no idea what was wrong with it?
>
> A. No, ma'am.
>
> Q. For what period of time do you think there was something wrong with it?
>
> A. You know, several weeks before my accident, like I said. You know, they kept – you know, it's not – you're sitting there drilling with this top drive and all of a sudden, you know, it does a 90, you know, each way, then comes back and stops, you know. Like I was telling him, you know, there was definitely something wrong with it.

Stults was employed by National Oilwell at the time of Verner's accident. He testified in his deposition that he examined the top drive unit after the accident. He said that there was nothing mechanically wrong with the top drive unit and that "[it] was all running perfectly."

4

Verner did not present evidence showing what, if anything, was wrong with the top drive unit. He also did not present evidence showing how the condition of the top drive unit contributed to cause the accident. There was no summary judgment evidence showing that the Pure Resources defendants did something an ordinarily prudent person exercising ordinary care would not have done under the circumstances or that they failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care. In light of the absence of evidence showing that the top drive unit had mechanical problems at the time of his accident, Verner failed to meet his summary judgment burden of bringing forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the breach-of-duty issue.

The trial court did not err in granting no-evidence summary judgments to the Pure Resources defendants on the breach-of-duty issue. We overrule Verner's third issue. Based on our ruling on Verner's third issue, we need not address his first and second issues. TEX. R. APP. P. 47.1.

*This Court's Ruling*

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


October 9, 2008

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.